**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AVELINA G., | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-9310 |
| | ) | |
| v. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| | ) | |
| FRANK BISIGNANO, Commissioner of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Avelina G.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Disability Insurance Benefits and Supplemental Security Income. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [Dkt. 19] is GRANTED and Defendant's motion for summary judgment [Dkt. 22] is DENIED; the Court hereby remands this matter for further proceedings.

## I. Procedural History

On March 30, 2022, Plaintiff filed an application for Disability Insurance Benefits. [Administrative Record ("R.") 28.] On November 17, 2022, she filed an application for Supplemental Security Income. [*Id.*] The amended onset date of disability for both applications is December 28, 2018. [*Id.*] After holding an Administrative Hearing, the Administrative Law Judge ("ALJ") issued a decision on June 26, 2024, finding Plaintiff not disabled. [R. 28-44.] The Appeals Council denied

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2] "Plaintiff's Brief in Support of her Motion to Reverse the Decision of the Commissioner of Social Security" [Dkt. 19] has been construed as a motion for summary judgment by the Court, as has "Defendant's Response to Plaintiff's Motion for Summary Judgment" [Dkt. 22].

Plaintiff's request for review [R. 1-7], rendering the ALJ's June 6, 2024 decision as the final decision of the Commissioner. 20 C.F.R. §404.981. Plaintiff filed the instant action seeking review of the Commissioner's decision. [Dkt. 1.]

## II. The ALJ's Decision

In her June 26, 2024 decision, the ALJ analyzed Plaintiff's claim following the Social Security Administration's ("SSA") usual five-step evaluation process to determine whether Plaintiff was disabled. [R. 28-44.] At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 28, 2018, the alleged onset date. At Step Two, the ALJ found Plaintiff had the severe impairments of obesity, fibromyalgia, osteoarthritis of the knees, and osteoarthritis of the bilateral trapeziometacarpal ("TMC") joints status-post surgery of the left TMC joint and primary osteoarthritis in the first carpometacarpal ("CMC") joint of the left hand. [R. 30-31.] The ALJ found several additional ailments to be nonsevere. [R. 31-32.] At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1 (20 C.F.R. 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926). [R. 35.]

Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: "she can occasionally climb, stoop, kneel, crouch and crawl; should have no concentrated exposure to vibrations (tools or work surfaces); should have no concentrated exposure to dusts, fumes, gases, or poor ventilation; and can frequently handle and finger bilaterally." [R. 36.] At Step Four, the ALJ determined Plaintiff was capable of performing jobs that exist in significant numbers in the national economy. [R. 42-43.] Accordingly, the ALJ found Plaintiff was not disabled from the alleged onset date through the date of the decision. [R. 44.]

## III. Social Security Regulations and Standard of Review

The court's scope of review is limited to deciding whether the final decision of the

Commissioner is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). "This is not a high threshold; it requires only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up) (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019)). While reviewing a Commissioner's decision, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citation omitted). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and their conclusion, which is satisfied by an "adequate[] discuss[ion of] the issues and evidence involved in the claim." *Hess*, 92 F.4th at 676; *Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019); *see also Tremayne G. v. O'Malley,* No. 21-cv-1541, 2024 WL 1214753, at *2 (N.D. Ill. Mar. 21, 2024) ("Even when there is adequate evidence in the record to support the ALJ's decision, the findings will not be upheld if the ALJ does not build an accurate and logical bridge from the evidence to the conclusion.") (signals and citation omitted).

## III. Discussion

In the instant matter, Plaintiff alleges, in part, that the ALJ impermissibly erred in evaluating her subjective symptom allegations, particularly with respect to the ALJ's multiple mentions of giving Plaintiff the "benefit of the doubt" with respect to her physical limitations from pain and then formulating an RFC assessment that seemingly rejected those limitations. The Court is simply unable to meaningfully review this aspect of the ALJ's decision because it cannot trace the ALJ's path of reasoning from this "evidence" to her conclusion.

No less than five times throughout her decision, the ALJ stated that she gave Plaintiff the "benefit of doubt" in evaluating her allegations of disabling symptoms. The ALJ variously classified

this as "the most benefit of doubt" [R. 37, 40], "full benefit of doubt" [R. 37, 39], and "the benefit of all reasonable doubt" [Dkt. 41]. The Commissioner argues in response that "[t]here is no presumption of truthfulness for a claimant's subjective complaints," citing *Knox v. Astrue*, 327 F. App'x 652, 655 (7th Cir. 2009), but this wholly ignores the fact the ALJ *suspended* any analysis of the veracity of Plaintiff's statements and *chose* to give Plaintiff "the full benefit of doubt." Yet, the ALJ's reliance on giving Plaintiff the "benefit of the doubt" offered no insight into if or how the ALJ provided the requisite meaningful evaluation of Plaintiff's subjective allegations and how the ALJ ultimately determined Plaintiff was not disabled.

The ALJ adopted none of Plaintiff's alleged physical or mental functional limitations despite professing to credit Plaintiff's subjective allegations. Despite allegedly giving Plaintiff the benefit of the doubt, the ALJ simply copied the state agency medical consultants' medical opinions that Plaintiff could perform light work with postural and manipulative limitations. [R. 41.] Critically, the ALJ did not meaningfully evaluate the state agency medical consultants' medical opinions or articulate how she found those opinions to reasonably reflect Plaintiff's functional capacity. For example, the record shows Plaintiff never testified she retained the capacity to perform work as the ALJ found. Plaintiff never stated she could *frequently* finger or handle, but rather, she stated that *minimal* daily activity, such as preparing meals or washing dishes, significantly aggravated her hand pain. [R. 67 ("I'm having a lot of trouble like preparing my food, chopping, pinching, doing the dishes…I'll do something for a little bit and I stop. Like I do a few dishes and I stop because gripping or holding for long periods of time hurt.").] Yet without any explanation, the ALJ adopted the state agency consultants' opinion that Plaintiff was limited to "frequent handling and fingering." [R. 41.] Clearly, this does not actually give Plaintiff "the benefit of all reasonable doubt" [*id.*] as to handling and fingering, because if her testimony were credited, she would have been considerably more limited in this domain. It is unclear how, if the ALJ gave Plaintiff "the benefit of the doubt," she ultimately

assessed an RFC that reflected *none* of Plaintiff's alleged limitations. Perhaps tellingly, in the briefing before this Court on this matter, the Commissioner did not even attempt to reconcile the ALJ's determination that the state agency consultants' opined that Plaintiff could perform light work with her decision to afford Plaintiff the "benefit of the doubt." Ultimately, the ALJ constructed no logical and accurate bridge from her purported decision to give Plaintiff the benefit of the doubt and an RFC assessment that rejected Plaintiff's self-alleged limitations. *Hess*, 92 F.4th at 676 (even under deferential review, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and their conclusion, which is satisfied by an "adequate[] discuss[ion of] the issues and evidence involved in the claim.").

There is a strong line of cases where ALJ's have similarly fallen victim to this same benefit-of-the-doubt-without-adequate-explanation scenario. (To be certain, it is fine for an ALJ to afford a claimant the benefit of the doubt with an explanation for how this was done, *see*, *e.g.*, *Perez v. Astrue*, 881 F. Supp. 2d 916, 948 (N.D. Ill. 2012).) Courts in the Seventh Circuit have required remand where the reviewing court could not trace the ALJ's path of reasoning from the evidence to the ALJ's conclusion that the claimant was not disabled. *See*, *e.g.*, *Chase D. G. v. O'Malley*, No. 23-cv-4441, 2024 WL 1768636, at *2 (N.D. Ill. Apr. 24, 2024) (remanding and finding "government's argument as to the appropriateness of the RFC…without merit" where ALJ "extended the benefit of the doubt to plaintiff and found severe mental impairments and mental restrictions, a generous finding and one *supported by the evidence*" but where ALJ then ignored an aspect of the RFC because no doctor opined as to those limitations, with the court noting "[t]hat analysis simply does not work.") (emphasis added by remanding judge); *Keno B. v. Kijakazi*, No. 19-cv-1593, 2021 WL 3290809, at *4 (N.D. Ill. Aug. 2, 2021) (remanding; "While the ALJ may have given Claimant some benefit of the doubt, the ALJ did not credit all his testimony and/or the additional evidence introduced at the hearing level, and the Court does not know how the ALJ made that distinction and determination. That is where the

problem lies."); *Aleithia Ann F. v. Saul*, No. 17-cv-9158, 2019 WL 2644214, at *7 (N.D. Ill. Jun. 29, 2019) (remanding; "The ALJ's statement that she gave [claimant] the benefit of the doubt by limiting her to light work is not an adequate substitute for actual analysis of [claimant's] subjective symptoms."); *Davidson v. Colvin*, No. 2:12-CV-293-PRC, 2014 WL 1047917, at *12 (N.D. Ind. Mar. 17, 2014) (remanding; "It is unclear how reducing the limitations supported by her testimony constitutes giving Plaintiff "the benefit of the doubt."); *Burns v. Astrue*, No. 1:07-CV-817-SEB-JMS, 2008 WL 4099018, at *4 (S.D. Ind. Aug. 22, 2008) (remanding where ALJ took plaintiff's subjective complaints into account and "granted her every benefit of the doubt[,]" yet the Court was skeptical because "[t]he ALJ [did] not explain in what sense he granted [plaintiff] such purported leniency.").[3] Much like in these cited cases, the ALJ's multiple, wholehearted endorsements of giving Plaintiff the

[3] Courts from other Circuits around the country have also remanded on these same bases. *See also*, *Adrian v. Berryhill*, No. 4:17-CV-99-KS, 2018 WL 4293368, at *4, *6 (E.D.N.C. Sept. 10, 2018) (remanding because "the court cannot meaningfully review the ALJ's opinion" in part due to the lack of a logical bridge between the ALJ's determination and conclusion because "it is unclear what the ALJ meant when he wrote that he gave Plaintiff 'the benefit of the doubt.' For example, what aspect of the RFC did the ALJ give Plaintiff the benefit of the doubt on? And what functional limitations did that benefit of the doubt impact?...the ALJ never specified *how* he gave Plaintiff the benefit of the doubt, and the Commissioner's argument is speculative at best.") (emphasis in original); *Kim L. v. Bisignano*, No. 2:24-CV-4957, 2026 WL 931536, at *7 (D.N.J. Apr. 7, 2026) (remanding due to ALJ's lack of clarity, in failing to "explain how, in giving Plaintiff the benefit of the doubt, she assessed a 'more restrictive' RFC" than even the state agency consultants–whose opinions she mischaracterized–opined, as ALJ's decision did not "contain 'sufficient development of the record and explanation of findings to permit meaningful review.'") (citing *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)); *Blanton v. Comm'r of Soc. Sec.*, No. 8:12-CV-940-T-30TBM, 2013 WL 5437063, at *9, n. 19 (M.D. Fla. Sept. 27, 2013) (recommending remand; finding ALJ impermissibly "reached his RFC assessment by cherry picking the medical and psychological evidence and substituting his own lay medical evaluations for those of Plaintiff's doctors" and further noting that "[a]lthough the ALJ stated he was giving Plaintiff the benefit of the doubt by finding she could perform a limited range of sedentary work, the basis of the statement is unclear given his finding that Plaintiff 'exaggerated her symptoms and restrictions as these[] are not shown to by supported by the medical [signs] and laboratory findings to the level of disability alleged.'"); *Craven v. Bisignano*, No. 7:24-CV-343-M-KS, 2025 WL 2434974, at *3 (E.D.N.C. Aug. 1, 2025), *report and recommendation adopted*, No. 7:24-CV-00343-M-KS, 2025 WL 2432189 (E.D.N.C. Aug. 22, 2025) (recommending remand; "First, it is unclear what the ALJ meant when he reduced Plaintiff's RFC to give her "the benefit of the doubt" regarding her symptom severity statements. While ALJ Chase may have reduced the RFC based on Plaintiff's statements, he did not include all of the limitations claimed by Plaintiff. This is tantamount to the ALJ discrediting some of Plaintiff's statements about her symptoms and crediting others. ALJ Chase did not identify which of Plaintiff's statements he gave the "benefit of the doubt" and why he chose those statements over others[, yet…] every aspect of the ALJ's RFC assessment is important. The ALJ's failure to explain the basis for his RFC assessment frustrates meaningful review."); *Tarrant v. Kijakazi*, No. 5:20-CV-258-FL, 2021 WL 5216797, at *5 (E.D.N.C. Aug. 9, 2021), *report and recommendation adopted*, No. 5:20-CV-258-FL, 2021 WL 4443332 (E.D.N.C. Sept. 28, 2021)(recommending remand for a variety of reasons, including "the argument that the ALJ gave Plaintiff the 'benefit of the doubt' by assessing a 10% off-task finding does not clarify the issue because it is unclear how and in what respect the ALJ did this.").

"benefit of the doubt" but then seemingly failing to do so and/or failing to explain how she did so, requires remand.

Finally, the Court further finds the ALJ erred here in relying on Plaintiff's treatment history as evidence that contradicted Plaintiff's subjective allegations, without a proper SSR 16-3p analysis. An ALJ is required to articulate how she considers the treatment that a claimant receives for her impairments when an ALJ evaluates a claimant's subjective allegations. SSR 16-3p. The ALJ found that Plaintiff's treatment history, aside from her 2023 hand surgery, was conservative. [R. 40.] An ALJ may not, however, cite conservative treatment as a basis to discredit a claimant's subjective allegations without first identifying what aggressive treatment was available and appropriate. *See, e.g.*, *Monique B. v. Saul*, No. 19-cv-652, 2020 WL 4208112, at *7 (N.D. Ill. Jul. 22, 2020); *Frazier v. Saul*, 19-cv-5785, 2020 WL 4208109, at *6 (N.D. Ill. Jul. 22, 2020); *McCulley v. Berryhill*, No. 13-cv-6031, 2019 WL 1292982, at *7 (N.D. Ill. Mar. 20, 2019). Plaintiff's medical treatment included the 2023 thumb surgery that the ALJ identified as well as a small joint arthrocentesis [R. 565] and use of the nerve pain medications Gabapentin, Cymbalta, and Lyrica [R. 1294],[4] as well as the opioid pain medication Tramadol. [R. 392.] The ALJ cited no evidence of what treatment Plaintiff could have but did not pursue in addition to nerve pain medication, opioid pain medication, injections, and thumb surgery. Absent identification of such evidence, the ALJ's finding was purely speculative. "Speculation is, of course, no substitute for evidence, and a decision based on speculation is not supported by substantial evidence." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 375 (7th Cir. 1999). Furthermore, the ALJ did not articulate why Plaintiff's election to undergo thumb surgery as well as her use of powerful prescription medication did not render Plaintiff's subjective allegations more,

[4] Plaintiff noted for the Court that doctors frequently prescribe Gabapentin, Cymbalta, and Lyrica to treat fibromyalgia symptoms (again, the ALJ determined that Plaintiff's fibromyalgia was a severe impairment [R. 30]). Mayo Clinic, "Fibromyalgia," https://www.mayoclinic.org/diseases-conditions/fibromyalgia/diagnosistreatment/drc-20354785 (last accessed Oct 7, 2026). *See also*, *Swiecichowski v. Dudek*, 133 F.4th 751, 759 (7th Cir. 2025) (rejecting ALJ's reliance on claimant's receipt of conservative treatment to discount claimant's allegations of debilitating fibromyalgia pain).

rather than less, consistent with evidence. *Scrogham v. Colvin*, 765 F.3d 685, 701 (7th Cir. 2014) (ALJ should credit claimant where claimant receives "serious treatment" that includes invasive procedures and powerful prescription medication); *accord Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004) (a patient is unlikely to fool physicians into prescribing unnecessary treatment to bolster application for disability benefits). The ALJ's reliance on her own speculation about the treatment Plaintiff received was not harmless: had the ALJ reasonably considered Plaintiff's symptoms and the treatment that she received for those symptoms, the ALJ may have recognized that Plaintiff received the type of medical treatment that was entirely consistent with her allegations of disabling symptoms.

In sum, remand is required because the ALJ improperly addressed Plaintiff's subjective symptom allegations, both by (1) failing to explain how exactly she was afforded the "benefit of the doubt" and (2) by failing to identify available and appropriate aggressive treatments when discrediting Plaintiff's allegedly conservative treatments, leading to an RFC that the Court is unable to trace the development of.

## IV. Conclusion

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. The Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff other than those discussed herein. Plaintiff's motion for summary judgment [Dkt. 19] is GRANTED and the Commissioner's motion for summary judgment [Dkt. 22] is DENIED.

**ENTERED: October 16, 2026**

Hon. Keri L. Holleb Hotaling
United States Magistrate Judge